## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| SARA SURBER, individually and on<br>behalf of all similarly situated individuals, | ) <br> ) <br> ) | |
|       Plaintiff, | ) <br> ) | Case No.: 14-00309 |
| vs. | ) | **CLASS ACTION** |
| | ) | |
| McCARTHY, BURGESS & WOLFF, | ) <br> ) | |
|       Defendant. | ) | |

### COMPLAINT

COMES NOW the Plaintiff, Sara Surber, (hereafter the "Plaintiff") by counsel, and as complaint against the above-named Defendant McCarthy, Burgess & Wolff., ("MBW") alleges as follows:

### JURISDICTION AND VENUE

1.      The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2.      Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### PRELIMINARY STATEMENT

3.      This is a class action for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to recover damages by reason of the Defendant's violation of the FDCPA. The violating actions addressed in this Complaint stem from attempts to collect a debt without providing the requisite notice of the consumer's rights under the FDCPA.

1

## PARTIES

4.      The Plaintiff is a natural person and resident citizen of Mobile, Alabama. She is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.      MBW is a corporation which is, upon information and belief, incorporated under the laws of the state of Ohio and has its principal place of business in Cleveland, Ohio. At all relevant times, MBW was engaged in business within the State of Alabama, including the collection of debts. MBW is regularly engaged in the practice of debt collection.

6.      MBW sends collection letters and places collection calls as a regular part of its business.

7.      The mails and interstate wire communications are used to conduct the business of MBW.

8.      MBW is a debt collector as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9.      On or about June 4, 2014, MBW initially contacted Plaintiff by the use of a collection letter, filed herewith as Exhibit "A," demanding payment in the amount of $3,954.87. The creditor was identified as Bankers Life and Casualty LLC.

10.     The June 4, 2014 collection letter was the initial contact with Plaintiff and contained none of the disclosures required by the FDCPA. Plaintiff received no other communication or written notice within five days that complied with the statute.

## COUNT ONE
## (FDCPA VIOLATIONS)

11.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

2

12.    This is a claim asserted against MBW for violations of the FDCPA.

13.    MBW is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

14.    MBW obtained the account after a default for purposes of collection.

15.    MBW has violated the FDCPA in connection with its attempts to collect the account against Plaintiff. The violations include, but are not limited to the following:

   a.  Failing to make the disclosures required by 15 U.S.C. §§ 1692e and 1692g;

   b.  Otherwise violating the FDCPA.

16.    As a result of its violations of the FDCPA, MBW is liable to Plaintiff for statutory damages, plus costs and attorney's fees.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant MBW for the following:

A.    Statutory damages pursuant to 15 U.S.C. § 1692k;

B.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

C.    Such other and further relief as this Court deems just and proper, the premises considered.

<u>COUNT THREE</u>
(CLASS ACTION ALLEGATIONS)

17.    Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

18.    Plaintiff prays that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described

3

belonging to the class or any sub-class therein.

19.     Plaintiff brings this action on behalf of herself and all members of a class defined

as follows:

> All individuals who, from one year prior to the filing of this action
> through the date of an order certifying a class action herein, are
> residents of the United States received, from the defendant, the
> form collection letter dated filed herewith as Exhibit One.

20.     Plaintiff avers that the class is so numerous, that joinder of all members is

impractical. Plaintiff further avers that there are questions of law or fact common to the class

relating to the conduct of the defendant regarding said claims. Plaintiff further avers that her

claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers

that in a representative capacity, she will fairly and adequately protect the interest of the class.

21.     Each class member has, or has been subjected to collection activity in violation of

the FDCPA.

22.     Names and addresses of class members are presently unknown to Plaintiff, but

can be readily ascertained from the Defendant's business records.

23.     Common or similar issues of law and fact predominate over individual issues.

These common issues include, but are not limited to the following:

A.     Does the form collection letter sent to Plaintiff and members of the class

violate the FDCPA by failing to include the disclosures required by the statute?

B.     What is the appropriate remedy for MBW's violations of the FDCPA;

24.     Proof of common facts and legal doctrines by the representative plaintiff

consumer will determine the claims of each member of the class.

25.     This class action proceeding will provide a practical basis for the determination of

all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

26.     The named representative's claims are typical and representative of the class.

27.     It is and was the practice of MBW to attempt debt collection that was in violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiff prays that this court will certify this as a class action, and award the members of the class described herein the remedies provided for in 15 U.S.C. § 1692k and:

a.      That this court determine that this cause may proceed as a class action, that Plaintiff be appointed as class representative, that the undersigned be appointed as the attorneys for the class;

b.      That this court award Plaintiff and the members of the FDCPA class statutory damages;

d.      That the cost of prosecution and reasonable attorneys' fees be awarded to the attorney for Plaintiff and the Plaintiff's Class.

EARL P. UNDERWOOD, JR. (UNDEE6591)
JAMES D. PATTERSON (PATTJ6485)
Underwood & Riemer, PC
Attorneys for Plaintiff
21 South Section Street
Fairhope, Alabama  36533
Telephone: (251) 990-5558
Facsimile:  (251) 990-0626
E-mail: epunderwood@alalaw.com
E-mail: jpatterson@alalaw.com

5

PLAINTIFF DEMANDS A TRIAL BY JURY

_____

EARL P. UNDERWOOD, JR.

DEFENDANT WILL BE SERVED BY CERTIFIED MAIL AT:

THE CORPORATION COMPANY
2000 INTERSTATE PARK DR STE 204
MONTGOMERY, AL 36109

6